**NOT FOR PUBLICATION**

```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
                                       :
DR. EMORY MUHAMMAD GHANA, et al.,      : Civil Action No. 09-4979 (MLC)
                                       :
              Plaintiffs,              :       O P I N I O N
                                       :
         v.                            :
                                       :
MARY CUFF, et al.,                     :
                                       :
              Defendants.              :
                                       :
```

**APPEARANCES:**

Emory Muhammad Ghana, Pro Se
Ali Fard Dehunte Quan, Pro Se
New Jersey State Prison, P.O. Box 861, Trenton, NJ 08625

**COOPER, District Judge**

Plaintiffs, Emory Muhammad Ghana and Ali Fard Dehunte Quan, confined at the New Jersey State Prison, submitted this complaint alleging violations of constitutional rights, and seeking to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915.

The case was previously administratively terminated for failure of the named plaintiffs to either pay the filing fee or submit a complete in forma pauperis application. Plaintiff Ghana has since filed an application to proceed in forma pauperis. Therefore, the case was reopened. However, as Plaintiff Quan has not filed an application to proceed in forma pauperis, the action will be terminated as to him.

Furthermore, when Ghana submitted his application to proceed in forma pauperis, he named additional defendants and submitted additional claims. Thus, this Court construes the submission as

a request to amend the complaint, which this Court grants in accordance with Federal Rule of Civil Procedure 15 (a)(2).

The Court must review the complaint and amending submissions pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. The amended complaint must be dismissed.

### BACKGROUND

Ghana's complaint and attachments to his application to proceed in forma pauperis suggest that his New Jersey state-imposed parole eligibility term of eighteen years is illegal and void. Plaintiff argues that the term amounts to a "murder plot" by the defendants, because the term exceeds his life expectancy. He argues that under N.J.S.A. § 30:4-123.51(j), he was not eligible for the 18-year eligibility term. Plaintiff asks for monetary relief, immediate release on parole, and other relief.

### DISCUSSION

**A.  Standard of Review**

The Court must (1) review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity, and (2) identify cognizable claims and sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(B), 1915A.

The standard for summary dismissal of a complaint that fails to state a claim is set forth in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).  The Court examined Federal Rule of Civil Procedure 8(a)(2), which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).[1]  Citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court identified two working principles underlying the failure to state a claim standard:

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice ... .  Rule 8 ... does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.  Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.  Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."  Fed. Rule Civ. Proc. 8(a)(2).

---

[1] Rule 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct.  No technical form is required."  Fed.R.Civ.P. 8(d).

Iqbal, 129 S.Ct. at 1949-50 (citations omitted).  The Court further explained that:

> a court . . . can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausible give rise to an entitlement to relief.

Id. at 1950.

To prevent summary dismissal, civil complaints must allege "sufficient factual matter" to show that a claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 1948.  Iqbal emphasizes that a plaintiff must demonstrate that the allegations of the complaint are plausible. Id. at 1949-50; see Twombly, 505 U.S. at 555, & n.3; Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

Iqbal thus provides the "final nail-in-the-coffin for the 'no set of facts' standard" set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that applied to federal complaints before Twombly.  Fowler, 578 F.3d at 210.  A district court must now conduct the two-part analysis set forth in Iqbal:

> First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [Iqbal, 129 S. Ct. at 1949-50]. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that

4

> the plaintiff has a "plausible claim for relief." [Id.]  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to "show" such an entitlement with its facts.  See Phillips, 515 F.3d at 234-35.  As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that the pleader is entitled to relief.'"  Iqbal, [129 S. Ct. at 1949-50].  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Fowler, 578 F.3d at 210-11.  But even after Iqbal, the sufficiency of a pro se pleading must be construed liberally in a plaintiff's favor.  See Erickson v. Pardus, 551 U.S. 89 (2007).

**B.   Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his or her constitutional rights.  To establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States.  See Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

**C.   Amended Complaint Will Be Dismissed**

Ghana's claims were originally alleged in a habeas corpus proceeding brought pursuant to 28 U.S.C. § 2254.  See Ghana v. NJ, 09-cv-1824 (FSH).  There, the District Court Judge outlined the facts of the case and found that the imposition of

Plaintiff's 18 year parole future eligibility term was not unconstitutional.  See id. (Docket entry 13, Opinion).  This Court will not reproduce the substance of that Opinion here.

Plaintiff Ghana now tries to refile these same claims under the guise of this § 1983 action, seeking monetary relief, and release from custody.  In a series of cases beginning with Preiser v. Rodriguez, 411 U.S. 475 (1973), the Supreme Court has analyzed the intersection of 42 U.S.C. § 1983 and the federal habeas corpus statute, 28 U.S.C. § 2254.  In Preiser, state prisoners who had been deprived of good-conduct-time credits as a result of disciplinary proceedings brought a § 1983 action seeking injunctive relief to compel restoration of the credits, which would have resulted in their immediate release.  See 411 U.S. at 476.  The prisoners did not seek compensatory damages for the loss of their credits.  See 411 U.S. at 494.  The Court held that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."  Id. at 500.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Court addressed a corollary question to that presented in Preiser, whether a prisoner could challenge the constitutionality of a conviction in a suit for damages only under § 1983, a form of

6

relief not available through a habeas corpus proceeding. Again, the Court rejected § 1983 as a vehicle to challenge the lawfulness of a criminal judgment.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

512 U.S. at 486-87 (footnote omitted). The Court further instructed district courts, in determining whether a complaint states a claim under § 1983, to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment.

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. at 487 (footnotes omitted). The Court further held that "a § 1983 cause of action for damages attributable to an

unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated." Id. at 489-90.

In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court applied the lessons of Preiser and Heck to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not necessarily challenging the result and not seeking the restoration of the good-time credits.  Again, the Court emphasized that such a claim is not cognizable under § 1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment.  See 520 U.S. at 646-8.

"Considering Heck and summarizing the interplay between habeas and § 1983 claims, the Supreme Court recently explained that, 'a state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- if success in that action would necessarily demonstrate the invalidity of the confinement or its duration.'" Williams v. Consovoy, 453 F.3d 173, 177 (3d Cir. 2006) (quoting Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005)).

8

The request by Plaintiff Ghana here for release from confinement, and for damages, must be dismissed based on the Preiser-Heck line of cases.  Accordingly, any § 1983 action challenging the parole proceedings is premature until such time as the proceedings have been otherwise invalidated.

Furthermore, Plaintiff Ghana alleges facts indicating that he has raised these issues concerning his eligibility of parole to the New Jersey courts.  In fact, two of his named defendants are judges from the New Jersey Appellate Division, who Plaintiff accuses of corruption.  As the issues Plaintiff Ghana asserts in this case have been raised in the state courts, and adjudicated, this Court will not interfere with the state process.  He may appeal the decision of the state courts in accordance with state law if he so chooses.

## CONCLUSION

For the reasons set forth above, the claims by Plaintiff Ghana will be dismissed and the claims by Plaintiff Quan will be terminated.  The Court will issue an appropriate order and judgment.

    s/ Mary L. Cooper  
**MARY L. COOPER**  
United States District Judge

Dated:   November 30, 2010